UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.

Docket No. 2:26-cr-00004-mkl

JONEYKER RAFAEL RAMOS GUILLEN,
Defendant.

PLEA AGREEMENT

The United States of America, by and through the United States Attorney's Office for the District of Vermont (hereafter "the United States"), and the defendant, JONEYKER RAFAEL RAMOS GUILLEN, agree to the following in regard to the disposition of pending criminal charges.

1. JONEYKER RAFAEL RAMOS GUILLEN agrees to plead guilty to Count 1 of the Superseding Information charging him with bringing aliens to the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), (a)(1)(B)(i); 18 U.S.C. § 2.

2. JONEYKER RAFAEL RAMOS GUILLEN understands, agrees and has had explained to him by counsel that the Court may impose the following sentence on his plea: up to 10 years of imprisonment, pursuant to 8 U.S.C. § 1324(a)(1)(B)(i); up to three years of supervised release, pursuant to 18 U.S.C. § 3583; up to a $250,000 fine, pursuant to 18 U.S.C. § 3571; a $100 special assessment pursuant to 18 U.S.C. § 3013; and a $5,000 special assessment under 18 U.S.C. § 3014(a).

3. JONEYKER RAFAEL RAMOS GUILLEN agrees to plead guilty because he is, in fact, guilty of the above crime.

1

4. JONEYKER RAFAEL RAMOS GUILLEN stipulates to, agrees with, and admits the following facts:

a. On or about December 23, 2025, JONEYKER RAFAEL RAMOS GUILLEN led four aliens across the border from Canada into the United States on foot in the vicinity of Jay, VT, in a location that was not designated for crossing by immigration officials. Those aliens were as follows:

   i. B.G.G.

   ii. L.N.

   iii. Z.X.

   iv. Minor Child 1

b. At the time he led them across the international border, JONEYKER RAFAEL RAMOS GUILLEN knew that the aliens had no status that allowed them to come into, enter, or reside in the United States. He expected to be paid $700 for leading the aliens into the United States.

c. At approximately 7:50 am, a Border Patrol Agent observed JONEYKER RAFAEL RAMOS GUILLEN and the group of aliens walking westward toward the Village of North Troy, Vermont. When the Agent yelled at the group to stop, they all ran, splitting into different directions. JONEYKER RAFAEL RAMOS GUILLEN successfully evaded this first Agent.

d. At approximately 9:00 am, a second Border Patrol Agent observed JONEYKER RAFAEL RAMOS GUILLEN walking in an open field. JONEYKER RAFAEL RAMOS GUILLEN began to run from the agent, resulting in a foot chase for

2

hundreds of yards. Eventually JONEYKER RAFAEL RAMOS GUILLEN stopped running and submitted to apprehension.

e. Minor Child 1 was 17 years old as of December 23, 2025. Minor Child 1 was not accompanied by a parent or lawful guardian during the crossing attempt.

5. JONEYKER RAFAEL RAMOS GUILLEN understands that it is a condition of this agreement that he refrain from committing any further crimes, whether federal, state or local, and that if on release he will abide by all conditions of release.

6. JONEYKER RAFAEL RAMOS GUILLEN acknowledges that he understands the nature of the charges to which he will plead guilty and the possible penalties. He also acknowledges that he has the following rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel B and if necessary have the court appoint counsel B at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses; the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses. He understands that by pleading guilty, he will waive these rights. He also understands that if his guilty plea is accepted by the Court, there will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

7. JONEYKER RAFAEL RAMOS GUILLEN fully understands that he may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement, other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and no limit (except as otherwise provided in this

agreement) on the positions the government may take at sentencing. Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement. The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

8. JONEYKER RAFAEL RAMOS GUILLEN fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. JONEYKER RAFAEL RAMOS GUILLEN acknowledges that there is no agreement between the parties as to both the calculation of the offense level and the defendant's criminal history category. JONEYKER RAFAEL RAMOS GUILLEN understands his criminal history could impact both the offense level and the criminal history category applicable to his Guideline calculation. He fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. He acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

9. JONEYKER RAFAEL RAMOS GUILLEN agrees to make a good-faith effort to pay any fine or restitution he is ordered to pay. JONEYKER RAFAEL RAMOS GUILLEN agrees to pay the special assessment at the time of sentencing.

10. JONEYKER RAFAEL RAMOS GUILLEN acknowledges that, under certain circumstances, he is entitled to appeal his conviction and sentence. After consulting with

4

counsel, the defendant agrees that he will not file a direct appeal, or collaterally attack, his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255. Nor will he pursue such an appeal or collateral attack to challenge the Court's sentence as described in the following terms. The waiver covers the term of imprisonment imposed by the Court if that term does not exceed 27 months. The waiver covers any claim challenging the Court's variance or departure, including the substantive reasonableness of the variance or the Court's explanation for its variance or departure decision. This waiver also covers the conditions and duration of any term of supervised release of 3 years or less, and any fine of $250,000 or less. The defendant expressly acknowledges that he is knowingly and intelligently waiving his rights to appeal or collaterally attack his conviction and sentence. Nothing in this waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

11. JONEYKER RAFAEL RAMOS GUILLEN recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The defendant, if not a United States citizen, may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Removal and other immigration consequences are the subject of a separate proceeding, however, and he understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. JONEYKER RAFAEL RAMOS GUILLEN nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

12. The United States agrees that in the event that JONEYKER RAFAEL RAMOS GUILLEN fully and completely abides by all conditions of this agreement, the United States will:

    a. move to dismiss the indictment against JONEYKER RAFAEL RAMOS GUILLEN

    b. not file additional federal charges in the District of Vermont based on the conduct described in the factual stipulations at paragraph 4;

    c. recommend that he receive a two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that (1) he cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense(s) of conviction and not falsely denying any relevant conduct for which he is accountable under U.S.S.G. § 1B1.3, (2) he abides by the conditions of his release, and (3) provided that no new information comes to the attention of the United States relative to the issue of his receiving credit for acceptance of responsibility; and

    d. move for an additional one-point credit for timely acceptance of responsibility, if the offense level (before acceptance) is 16 or greater and he meets the conditions in the subparagraph above.

13. If the United States determines, in its sole discretion, that JONEYKER RAFAEL RAMOS GUILLEN has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right

6

to prosecute him for any other offenses he may have committed in the District of Vermont. JONEYKER RAFAEL RAMOS GUILLEN understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

14. JONEYKER RAFAEL RAMOS GUILLEN and the United States agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that the appropriate term of imprisonment the Court should impose is 27 months. Under this agreement, the Court retains discretion with all other aspects of the sentence, including the fine, the restitution, and the term of supervised release. The defendant further understands that if the court rejects the plea agreement on the agreed upon sentencing stipulation, the United States may deem the plea agreement null and void.

15. It is understood and agreed by the parties that should JONEYKER RAFAEL RAMOS GUILLEN's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and he may be prosecuted for any and all offenses otherwise permissible. JONEYKER RAFAEL RAMOS GUILLEN also agrees that the statute of limitations for all uncharged criminal offenses known to the United States as of the date it signs this plea agreement will be tolled for the entire period of time that elapses between the signing of this agreement and the completion of the period for timely filing a petition under 28 U.S.C. § 2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the conviction.

16. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

17. JONEYKER RAFAEL RAMOS GUILLEN expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and

7

with the advice and assistance of his counsel, Alejandro Fernandez, Esq. JONEYKER RAFAEL RAMOS GUILLEN further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, JONEYKER RAFAEL RAMOS GUILLEN expressly states that he is fully satisfied with the representation provided by his attorney, Alejandro Fernandez, Esq., and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of the Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

18. No agreements have been made by the parties or their counsel other than those contained herein or in any written agreement supplementing this agreement.

UNITED STATES OF AMERICA

JONATHAN A. OPHARDT
First Assistant United States Attorney

4/7/2026

Date

David Golubock
Assistant U.S. Attorney

8

_04/06/26_
Date

_____
JONEYKER RAFAEL RAMOS GUILLEN
Defendant

I have read, fully reviewed and explained this agreement to my client, JONEYKER RAFAEL RAMOS GUILLEN. I believe that he understands the agreement and is entering into the agreement voluntarily and knowingly.

_4/7/26_
Date

_____
Alejandro Fernandez, Esq.
Counsel for the Defendant

9